Marcia C. FRANCIS, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 02–3121.

United States Court of Appeals, Federal Circuit.

Dec. 9, 2002.

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and MICHEL, Circuit Judge.

NEWMAN, Circuit Judge.

Marcia C. Francis petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC0831010724–I–1, dismissing her appeal as moot. We *affirm.*

Background

Mrs. Marcia Francis is the widow of Altiman C. Francis, who retired from federal employment in January 1978. At the time of his retirement Mr. Francis was married to Sara Francis and he elected to provide a survivor's annuity for her in accordance with the Civil Service Retirement Act. Sara Francis died in October 1994. Mr. Francis and Marcia were married in August 2000. When Mr. Francis died in October 2000, she applied to the Office of Personnel Management (OPM) for survivor benefits. OPM denied the application because it determined that Marcia had not been married to Mr. Francis for nine months before his death, as required by 5 C.F.R. § 831.603 (defining "widow" as the surviving wife of an employee who "was married to him for at least 9 months immediately before his death").

Mrs. Francis alleged that she had been Mr. Francis' common law wife for more than nine months before his death. OPM responded that common law marriages are not recognized by OPM unless deemed valid in the jurisdiction "with the most significant interest in the marital status of the employee," *see* 5 C.F.R. § 831.603, in this case the Canal Zone. Relying on a 1934 case from the District Court for the Canal Zone, OPM concluded that such marriages were not valid in the Canal Zone unless contracted elsewhere. Since Mrs. Francis had not alleged that her common law marriage was contracted elsewhere, OPM denied the application.

On appeal to the Board, the administrative judge ordered the parties to file evidence and argument showing whether a common law marriage is valid in Panama. A month later, OPM notified the administrative judge that it was rescinding its decision and moved to dismiss the appeal as moot. The administrative judge granted the motion. Mrs. Francis appeals from the dismissal.

Discussion

The Board provides no explanation of why OPM rescinded its decision, and offers no information as to whether OPM has granted the requested annuity. Mrs. Francis provides copies of documents from the Ministry of Government and Justice and the Office of Magistrate of Tocumen, which appear to establish that her union with Mr. Francis met the requirements of a valid common law marriage under Panamanian law. Whether OPM reached the same conclusion after it was ordered to investigate the current status of local law is not mentioned by the Board, who states simply that when OPM rescinded its decision there was nothing from which Mrs. Francis could appeal.

The Board has held that if OPM completely rescinds its decision while an appeal of that decision is pending at the Board, the Board has no further authority. *See, e.g., Schuster v. Office of Personnel Management,* 56 M.S.P.R. 609 (1993). On this basis the Board appropriately dismissed the appeal.

No costs.